IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GORDON JOHNSON,<br><br>        Plaintiff,<br>  v.<br><br>MILWAUKIE CITY HALL, ANGELA BRADENBURG, JOHN D. WENTWORTH, ANDREW ELLIOT, MARYANNE MEANIE, ALEX FLETCHER, CLACKAMAS INDIGENT DEFENSE CORPORATION, KYLE SCOTT, DEPUTY SLINGER, MILWAUKIE POLICE DEPARTMENT, DAVID FOOLADJOUSH, STEPHEN L. MADKOUR, OREGON DEPARTMENT OF PUBLIC SAFETY AND TRAINING, MULTNOMAH COUNTY CITY HALL, and MULTNOMAH COUNTY SHERIFF'S OFFICE,<br><br>        Defendants. | Case No.: 3:23-cv-01979-JR<br><br>ORDER |

**Adrienne Nelson, District Judge**

       United States Magistrate Judge Jolie A. Russo *sua sponte* dismissed *pro se* plaintiff's complaint without prejudice on January 8, 2024. Order, ECF [4]. Judge Russo found the following deficiencies with plaintiff's complaint: (1) vague and conclusory allegations; (2) claims barred by prosecutorial immunity; (3) claims brought under a statute unable to remedy harm alleged; and (4) claims barred by the statute of limitations. *Id.* at 2-5. Judge Russo advised plaintiff that failure to file an amended complaint within thirty (30) days of the Order would result in dismissal of the action with prejudice. *Id.* at 5. Plaintiff filed objections. *See* Objs. to Mag. J.'s Order, ECF [5].

       Upon a party's timely objection to a magistrate judge's order deciding "a pretrial matter not dispositive of a party's claim or defense," a district court judge must consider the objection and "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

       Upon review, the Court agrees with Judge Russo's Order that plaintiff's complaint contains

1

numerous deficiencies. However, one of plaintiff's claims is well-pled. Plaintiff alleges that while imprisoned in the Clackamas County Jail on August 10th or 12th of 2023, Clackamas County Jail staff served him food that contained human remains "in the form of a decaying tooth with cavities." Compl., ECF [2], at 8. Plaintiff properly describes the incident, who allegedly caused the incident, and the actions plaintiff took after the incident, which involved filing a grievance with the "jail staff and Lieutenant." *Id.* In light of the liberal pleading standards afforded to *pro se* plaintiffs, and accepting these allegations as true, the Court finds that plaintiff has properly pled a claim under 42 U.S.C. § 1983. *See Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012) ("[A]ll material facts are accepted as true and are construed in the light most favorable to the plaintiff."); see *also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (construing *pro se* plaintiff's filings liberally and affording the plaintiff the benefit of any reasonable doubt). Accordingly, the dismissal of plaintiff's § 1983 claim outlining the incident on August 10th or 12th of 2023 is set aside.

In accordance with Judge Russo's Order, ECF [4], all other claims are DISMISSED without prejudice. Plaintiff is allowed thirty (30) days from the date of this Order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and Judge Russo's Order. Failure to file an amended complaint as ordered will result in the dismissal of all claims, outside of the claim based on the August 10th or 12th of 2023 incident, with prejudice.

IT IS SO ORDERED.

DATED this 18th day of March, 2024.

                                            _____
                                            Adrienne Nelson
                                            United States District Judge