IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GORDON JOHNSON, | Case No. 3:23-cv-01979-JR |
| Plaintiff, | |
| v. | ORDER |
| MILWAUKIE CITY HALL, CLACKAMAS COUNTY JAIL, ANGELA BRADENBURG, JOHN D. WENTWORTH, ANDREW ELLIOTT, MARYANNE MEANIE, ALEX FLETCHER, CLACKAMAS INDIGENT DEFENSE CORPORATION, KYLE SCOTT, MILWAUKIE POLICE DEPARTMENT, DEPUTY SLINGER, DAVID FOOLADJOUSH, STEPHEN L. MADKOUR, OREGON DEPARMENT OF PUBLIC SAFETY AND TRAINING, MULTNOMAH COUNTY, CITY HALL, and MULTNOMAH COUNTY SHERIFF'S OFFICE, | |
| Defendants. | |

RUSSO, Magistrate Judge:

Pro se plaintiff Gordon Johnson, proceeding *in forma pauperis*, brings this civil rights suit against defendants Milwaukie City Hall, Angela Bradenburg, John Wentworth, Andrew Elliot, Maryanne Meanie, Alex Fletcher, Clackamas Indigent Defense Corporation, Kyle Scott, Milwaukie Police Department, Deputy Slinger, David Fooladjoush, Stephen Madkour, Oregon Department of Public Safety and Training, Multnomah County, City Hall, Multnomah County Sheriff's Office, and Clackamas County Jail.

Page 1 – ORDER

On January 8, 2024, the Court dismissed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e). In particular, the Court found that: (1) with the exception of two incidents – i.e., "his arrest on April 14, 2021, and corresponding four-month detention, and being served human bodily remains while falsely imprisoned in the Clackamas County Jail on August 10th or 12th of year 2023" – plaintiff allegations were "vague and conclusory"; (2) plaintiff failed to adequately delineate "which defendant is liable for which wrong"; (3) "many of plaintiff's claims are seemingly foreclosed by absolute immunity" or other limitations associated with § 1983; and (4) any claims emanating from events that occurred prior to December 29, 2021, were time-barred. Order 2-5 (Jan. 8, 2024) (doc. 4) (citations and internal quotations omitted).

Plaintiff filed objections and, on March 18, 2024, District Judge Nelson ruled on those objections as follows:

> [T]he Court agrees with Judge Russo's Order that plaintiff's complaint contains numerous deficiencies. However, one of plaintiff's claims is well-pled. Plaintiff alleges that while imprisoned in the Clackamas County Jail on August 10th or 12th of 2023, Clackamas County Jail staff served him food that contained human remains "in the form of a decaying tooth with cavities." Plaintiff properly describes the incident, who allegedly caused the incident, and the actions plaintiff took after the incident, which involved filing a grievance with the "jail staff and Lieutenant." In light of the liberal pleading standards afforded to pro se plaintiffs, and accepting these allegations as true, the Court finds that plaintiff has properly pled a claim under 42 U.S.C. § 1983.

*Johnson v. Milwaukie City Hall*, 2024 WL 1158408, *1 (D. Or. Mar. 18, 2024). She then granted plaintiff thirty days "to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and Judge Russo's Order." *Id.*

On April 15, 2024, plaintiff filed objections to Judge Nelson's order. Judge Nelson ultimately "decline[d] to reconsider [her] prior Order." Order (Apr. 19, 2024) (doc. 9). Plaintiff therefore had "until 5/23/2024 to amend his complaint." Order (Apr. 23, 2024) (doc. 10).

Page 2 – ORDER

Plaintiff timely lodged his amended complaint, which is virtually identical to his original complaint with the exception that he now names "Clackamas County Jail" as a defendant. Accordingly, plaintiff's amended complaint succeeds and fails for the same reasons as his original pleadings.

Namely, with the exception of two incidents – i.e., those relating to his April 2021 arrest and corresponding four-month detention, and being served "human bodily remains" while "falsely imprisoned in the Clackamas County Jail" in August 2023 – plaintiff's allegations remain vague and conclusory. Am. Compl. pgs. 6-8 (doc. 11). However, any tort or 42 U.S.C. § 1983 claims premised on events that transpired on or around April 2021 are precluded by the statute of limitations. *See Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2004) (tort and 42 U.S.C. § 1983 claims are subject to a two year statute of limitations under Or. Rev. Stat. § 12.110); *see also Stanley v. Tr. of Cal. State Univ.*, 433 F.3d 1129, 1134 (9th Cir. 2006) (for statute of limitations purposes, "[t]he proper focus is upon the time of the [wrongful] acts, not upon the time at which the consequences of the acts became most painful") (citation and internal quotations omitted).

Additionally, the Oregon Supreme Court "has recognized the absolute privilege accorded communications made by attorneys [and parties] in judicial proceedings." *Troutman v. Erlandson,* 286 Or. 3, 6, 593 P.2d 793 (1979) (citations omitted). Likewise, under federal law, a prosecutor is absolutely immune "when performing the traditional functions of an advocate." *Genzler v. Longanbach*, 410 F.3d 630, 636 (9th Cir. 2005) (citation and internal quotations omitted). Generally, qualified immunity, rather than absolute immunity, applies when prosecutors "perform administrative functions, or investigative functions normally performed by a detective or police officer." *Id.* (citation and internal quotations omitted). Although "the Supreme Court has resisted any attempt to draw a bright-line" between advocacy or police-type investigative work,

prosecutors have been held absolutely immune for "maliciously initiat[ing] a prosecution, us[ing] perjured testimony at trial, or suppress[ing] material evidence at trial." *Id.* at 637 (citations omitted).

Here, to the extent discernable, plaintiff's § 1983, malicious prosecution, intentional infliction of emotional distress, and defamation claims against the individually named attorneys and testifying witnesses appear to relate exclusively to acts that either occurred in the course of a judicial proceeding or were otherwise "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Thus, many of plaintiff's claims remain foreclosed by absolute immunity.

Moreover, as the Court previously explained, "court-appointed defense attorneys are not subject to liability under § 1983, or under the *Bivens* corollary that applies when a federal official is involved, for acts related to their representation of an indigent defendant." Order 4 (Jan. 8, 2024) (doc. 4); *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (public defender does not act under color of law, as required to impose liability under § 1983, "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). And, while the amended complaint concludes that the individually named public defenders provided "ineffective assistance of counsel," it also acknowledges that the charges emanating from his April 14, 2021, arrest resulted in either dismissal or acquittal. Am. Compl. pg. 6 (doc. 11); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009) (an allegation is not plausible where there is an "obvious alternative explanation" for the alleged misconduct).

The Court denotes that, despite nearly six months lapsing between the filing of the original and amended complaints, plaintiff did not make any material changes. In other words, the amended complaint continues to pursue, verbatim, unviable claims and legal theories. As such, plaintiff may

Page 4 – ORDER

proceed with the properly pled 42 U.S.C. § 1983 claim relating to his August 2023 confinement at Clackamas County Jail and no further amendments are allowed, at least at this stage of the proceedings and for the purposes of pursuing previously rejected claims.

## CONCLUSION

Plaintiff's amended complaint (doc. 11) is dismissed in part as stated herein. Plaintiff shall file an amended complaint, entitled "Second Amended Complaint," in accordance with this Order (i.e., alleging only claims premised on his August 2023 detention against Clackamas County "jail staff and Lieutenant [and] medical staff") within 30 days.

IT IS SO ORDERED.

DATED this 4th day of June, 2024.

_____/s/ Jolie A. Russo_____
Jolie A. Russo
United States Magistrate Judge